IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALDY ECCLESTON                    :

                                   :

   v.                              :   Civil Action No. DKC 15-3871

                                   :

PRINCE GEORGE'S COUNTY             :

                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Prince George's County. (ECF No. 18). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

I. **Background**[1]

Plaintiff's *pro se* complaint is fairly sparse. (*See* ECF No. 1).[2] In the complaint, Plaintiff alleges that Defendant, his

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

[2] Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff filed his complaint *pro se* in December 2015. (ECF No. 1). Counsel for Plaintiff entered his appearance on August 18, 2016, but Plaintiff has not amended his complaint. Even where a court applies the more lenient pleadings standard, "[l]iberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should

employer, discriminated against him on the basis of his national origin.  (*Id.* ¶ 5).  He contends that Defendant "fail[ed] to appoint [him] with [his] required hour[s] of personal and sick leave." (*Id.* ¶ 3).  He states, "[O]ther employees were given better treatment even though their leaves were also miscalculated.  For example, one employee got paid for his leave that was unknown and I didn't get paid for my leave."  (Id. ¶ 6).  After filing this complaint, Plaintiff retained counsel (ECF No. 17), but Plaintiff has not amended his original complaint.

Defendant filed the instant motion to dismiss on August 25, 2016.  (ECF No. 18).  When Plaintiff failed to file a timely opposition to the motion, the court issued a paperless notice to counsel on September 29 requesting that Plaintiff promptly file a response or advise the court if he did not intend to file an opposition. (ECF No. 19).  Plaintiff has not responded.

## II. Standard of Review

Defendant moves to dismiss because Plaintiff has failed to exhaust his administrative remedies.  A failure to exhaust administrative remedies under Title VII deprives the courts of subject matter jurisdiction, *see Balas v. Huntington Ingalls Indus, Inc.*, 711 F.3d 401, 406 (4th Cir. 2013), requiring

---

rewrite the complaint to include claims never presented." *Olekanma v. Wolfe*, No. DKC-15-0984, 2016 WL 430178, at *2 (D.Md. Feb. 4, 2016) (citing *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999)).

analysis under Rule 12(b)(1) at the motion to dismiss stage, *see Onuoha v. Grafton School*, 182 F.Supp.2d 473, 481 (D.Md. 2002). In a Rule 12(b)(1) motion, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant the motion to dismiss only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. Moreover, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Id.*

**III. Analysis**

Defendant argues that Plaintiff has failed to exhaust his administrative remedies because his claim in this court is distinct from the claim he filed in his EEOC charge. (ECF No. 18, at 5). "Before filing suit under Title VII, a plaintiff must exhaust h[is] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *Lewis v. City of Chicago*, 560 U.S. 205, 210 (2010). Title VII civil suits may not present entirely new factual bases or entirely new theories of liability not found in

3

the initial EEOC complaint. Rather, the scope of the initial administrative charge limits the scope of the civil action to "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)).

Thus, a plaintiff fails to exhaust his claims when "his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). This limitation on the civil action is routinely applied where a plaintiff's charge "alleges discrimination on one basis – such as race – and he introduces another basis in formal litigation – such as sex." *Id.* at 509. It also applies, however, when "the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits." *Id.* (citing cases).

Here, Plaintiff's EEOC charge alleged only that Defendant was giving him a heavier workload than his Caucasian co-worker. (ECF No. 18-1, at 3). His EEOC charge made no reference to

4

employee leave or any other benefits. (*Id.*). Nor was the issue of leave "developed by reasonable investigation." After his charge was cross-filed, the Maryland Commission on Civil Rights investigated the EEOC charge and issued a written finding on August 6, 2015. (ECF No. 18-2). That finding makes no mention of leave, benefits, or any other issue outside of Plaintiff's workload. (*Id.*). The comparators Plaintiff alleges highlight the distinction between the allegations in the EEOC charge and his claim in court. Plaintiff's EEOC charge compared his workload to that of a female employee, Margaret Hayes. (ECF No. 18-1, at 3). His complaint here compares the leave he received with another employee who "got paid for *his* leave," which indicates that the other employee was male. (ECF No. 1 ¶ 6). Because Plaintiff's complaint is based on factual allegations and discriminatory conduct different from those alleged in his EEOC charge, he has not exhausted his administrative remedies for his claim in this court as Title VII requires. Therefore, Defendant's motion to dismiss will be granted.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Prince George's County will be granted. A separate order will follow.

          /s/
DEBORAH K. CHASANOW
United States District Judge
